UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LARRY R. PRICE                                            CIVIL ACTION

versus                                                    NO. 11-071

N. BURL CAIN, WARDEN                                      SECTION: "B" (1)

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Larry R. Price, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On August 31, 1998, he was convicted under Louisiana law of possession of cocaine.[1] He was sentenced to a term of two years imprisonment on November 2,

---

[1] State Rec., Vol. I of VIII, transcript of August 31, 1998, pp. 20-21; State Rec., Vol. I of VIII, minute entry dated August 31, 1998; State Rec., Vol. I of VIII, jury verdict form.

1998.[2]  However, on February 12, 1999, he was found to be a fourth offender,[3] and, on April 12, 1999, he was resentenced as such to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[4]  On February 9, 2000, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction and habitual offender adjudication.  However, because the trial court failed to vacate petitioner's original sentence before resentencing him as a habitual offender, a technicality required by state law, the Court of Appeal vacated the sentence and remanded the matter for resentencing.[5]

On April 23, 2001, the trial court resentenced petitioner as a fourth offender to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[6]  The Louisiana Fourth Circuit Court of Appeal affirmed that sentence on March 6, 2002.[7]  The Louisiana Supreme

---

[2] State Rec., Vol. I of VIII, transcript of November 2, 1998; State Rec., Vol. I of VIII, minute entry dated November 2, 1998.

[3] State Rec., Vol. I of VIII, transcript of February 12, 1999; State Rec., Vol. I of VIII, minute entry dated February 12, 1999.

[4] State Rec., Vol. VI of VIII, transcript of April 12, 1999; State Rec., Vol. I of VIII, minute entry dated April 12, 1999.

[5] State v. Price, No. 99-KA-1894 (La. App. 4th Cir. Feb. 9, 2000) (unpublished); State Rec., Vol. I of VIII.

[6] State Rec., Vol. II of VIII, transcript of April 23, 2001.

[7] State v. Price, No. 2001-KA-1991 (La. App. 4th Cir. Mar. 6, 2002) (unpublished); State Rec., Vol. II of VIII.

Court then denied petitioner's related writ application on April 4, 2003,[8] and likewise denied his application for reconsideration on June 20, 2003.[9]

Meanwhile, on July 19, 2002, petitioner had filed with the state district court a "Motion to Correct an Illegal Sentence."[10] When the court failed to rule on that motion, he filed with the Louisiana Fourth Circuit Court of Appeal a "Motion to Compel Answer and/or Review." When that motion was not adjudicated as quickly as he would have liked, he filed a with the Louisiana Supreme Court a "Petition for Writ of Mandamus" which was denied as "[n]ot cognizable and repetitive" on August 20, 2004.[11] In the interim, the Court of Appeal had denied petitioner's motion on August 27, 2003.[12] He also challenged that judgment in the Louisiana Supreme Court, which that court likewise denied as "[n]ot cognizable and repetitive" on August 20, 2004.[13]

---

[8] State v. Price, 840 So.2d 1208 (La. 2003) (No. 2002-KO-1116); State Rec., Vol. II of VIII.

[9] State v. Price, 847 So.2d 1224 (La. 2003) (No. 2002-KO-1116); State Rec., Vol. III of VIII.

[10] The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). That date cannot be determined conclusively from the record before this Court. However, petitioner signed the motion's certificate of service on July 19, 2002; therefore, the application was obviously placed in the mail no earlier than that date.

[11] State *ex rel.* Price v. State, 882 So.2d 564 (La. 2004) (No. 2003-KH-2082); State Rec., Vol. IV of VIII.

[12] State v. Price, No. 2003-K-1076 (La. App. 4th Cir. Aug. 27, 2003) (unpublished); State Rec., Vol. IV of VIII.

[13] State *ex rel.* Price v. State, 882 So.2d 584 (La. 2004) (No. 2003-KH-2610); State Rec., Vol. IV of VIII.

While those proceedings were ongoing, petitioner filed with the state district court a motion for post-conviction relief on June 25, 2003.[14] When that motion went unadjudicated, he filed with the Louisiana Fourth Circuit Court of Appeal an "Application for Supervisory Writ of Mandamus/Writ of Execution." The Court of Appeal denied that application as repetitive on June 29, 2007.[15]

In the interim, petitioner had returned to the state district court to file a "Motion to Correct Illegal Sentence" on January 7, 2006.[16] When that motion went unadjudicated, he filed with the Louisiana Fourth Circuit Court of Appeal an "Application for Supervisory Writ of Mandamus/Writ of Execution." The Court of Appeal denied relief on March 12, 2007, holding that the application was repetitive and that state law precluded review of sentencing errors in post-conviction proceedings.[17]

---

[14] In his related application filed with the Court of Appeal, petitioner stated that the application was filed with the state district court in "June, 2003," and he attached a mail receipt bearing the date June 25, 2003. For the purposes of this decision, the Court will accept petitioner's representation as true and use that as the filing date.

[15] State v. Price, No. 2007-K-0682 (La. App. 4th Cir. June 29, 2007) (unpublished); State Rec., Vol. V of VIII.

[16] State Rec., Vol. V of VIII. Petitioner signed that motion on January 7, 2006; therefore, the motion was mailed for filing purposes no earlier than that date.

[17] State v. Price, No. 2007-K-0193 (La. App. 4th Cir. Mar. 12, 2007) (unpublished); State Rec., Vol. V of VIII.

On August 1, 2007, petitioner returned to the state district court yet again to file another application for post-conviction relief.[18] As before, that application went unadjudicated, and so he filed with the Louisiana Fourth Circuit Court of Appeal an "Application for Supervisory Writ of Mandamus/Writ of Execution." That application was denied on January 25, 2008.[19] On November 14, 2008, the Louisiana Supreme Court denied his related writ application on the grounds that the post-conviction application was untimely and otherwise improper, stating: "Denied. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189; La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172."[20]

On December 15, 2008, petitioner filed with the state district court "Combined Motions to Correct Illegal and Invalid Sentences."[21] When those motions also went unadjudicated, he filed with the Louisiana Fourth Circuit Court of Appeal an "Application for Supervisory Writ of Mandamus/Writ of Execution." On January 25, 2010, the Court of Appeal granted that writ application in part in order to correct petitioner's sentence to delete the denial of parole eligibility

---

[18] In his related application filed with the Court of Appeal, petitioner stated that the application was filed with the state court on August 1, 2007. For the purposes of this decision, the Court will accept petitioner's representation as true and use that as the filing date.

[19] State v. Price, No. 2008-K-0031 (La. App. 4th Cir. Jan. 25, 2008) (unpublished); State Rec., Vol. VI of VIII.

[20] State *ex rel.* Price v. State, 996 So.2d 1083 (La. 2008) (No. 2008-KH-0464); State Rec., Vol. VI of VIII.

[21] In his related application filed with the Court of Appeal, petitioner stated that the motions were filed with the state court on December 15, 2008. For the purposes of this decision, the Court will accept petitioner's representation as true and use that as the filing date.

and denied the application in all other respects.[22]  Unsatisfied with that result, petitioner filed a related writ application with the Louisiana Supreme Court.  On February 18, 2011, that court denied relief because the post-conviction motions were untimely and otherwise improper, stating: "Denied. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93–2330 (La. 9/5/95), 660 So.2d 1189; State v. Parker, 98–0256 (La. 5/8/98), 711 So.2d 694; La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93–1380 (La. 1/12/96), 665 So.2d 1172; cf. La.C.Cr.P. art. 930.4(D)."[23]

        While those proceedings were ongoing, petitioner had returned to the state district once again to file another application for post-conviction relief on September 15, 2009.[24]  As before, that application went unadjudicated, and so he filed with the Louisiana Fourth Circuit Court of Appeal an "Application for Supervisory Writ of Mandamus/Writ of Execution."  That application was denied on November 6, 2009.[25]  On November 19, 2010, the Louisiana Supreme Court then denied his related writ application on the grounds that his post-conviction application was untimely and otherwise improper, stating: "Denied.  La.C.Cr.P. art. 930.8; State ex rel. Glover v. State,

---

   [22]  State v. Price, No. 2009-K-1612 (La. App. 4th Cir. Jan. 25, 2010) (unpublished); State Rec., Vol. VIII of VIII.

   [23]  State *ex rel.* Price v. State, 57 So.3d 324 (La. 2011) (No. 2010-KH-0402); State Rec., Vol. VII of VIII.

   [24]  In his related application filed with the Court of Appeal, petitioner stated that the application was filed with the state court on September 15, 2009.  For the purposes of this decision, the Court will accept petitioner's representation as true and use that as the filing date.

   [25]  State v. Price, No. 2009-K-1442 (La. App. 4th Cir. Nov. 6, 2009) (unpublished); State Rec., Vol. VII of VIII.

93–2330 (La. 9/5/95), 660 So.2d 1189; La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93–1380 (La. 1/12/96), 665 So.2d 1172."[26]

In the meantime, petitioner had filed the instant federal application for *habeas corpus* relief on December 13, 2010.[27] The state contends that the federal application is untimely.[28] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[29]

As noted, the Louisiana Supreme Court denied petitioner's application for reconsideration on direct appeal on June 20, 2003. Therefore, under § 2244(d)(1)(A), his state criminal judgment became "final" on September 18, 2003, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Wilson v. Cain, 564 F.3d 702, 707 (5th

---

[26] State *ex rel.* Price v. State, 49 So.3d 403 (La. 2010) (No. 2009-KH-2670); State Rec., Vol. VII of VIII.

[27] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his federal application on December 13, 2010, which is the earliest date he could have presented it to prison officials for mailing.

[28] Rec. Doc. 10.

[29] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

Cir. 2009); see also U.S. Sup. Ct. R. 13(1). Accordingly, his one-year period for seeking federal *habeas corpus* would normally have commenced on that date.

However, the AEDPA also provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). As of September 18, 2003, the date on which his conviction and sentence became final and the federal limitations would have normally commenced, petitioner had already tolled his limitations period by filing his "Motion to Correct an Illegal Sentence" on July 19, 2002. Moreover, the limitations period remained tolled until the Louisiana Supreme Court denied relief on August 20, 2004. See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-70 (5th Cir. 2004) (statutory tolling continues uninterrupted for the duration of the post-conviction proceedings, so long as the petitioner sought supervisory review in a timely manner).

However, the limitations period did not begin running on that date either, because petitioner had already again tolled the limitations period by filing his motion for post-conviction relief on June 25, 2003. As noted, the Louisiana Fourth Circuit Court Appeal denied his related motion on June 29, 2007. Accordingly, tolling based on that motion ceased on July 30, 2007,[30] when his time expired for challenging the denial of relief by filing a writ application with the Louisiana Supreme Court. See Grillette, 372 F.3d at 769-71 (for tolling purposes, "a state application ceases

---

[30] Under Louisiana law, a litigant normally has only thirty days to file a writ application with the Louisiana Supreme Court. Louisiana Supreme Court Rule X, § 5(a). However, because the thirtieth day in this instance fell on a Sunday, the deadline was extended one additional day. See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

to be pending when the time for appellate review expires").[31]  The federal limitations period therefore finally commenced on that date and expired one year later on July 30, 2008, unless that deadline was further extended by additional tolling.

Petitioner is not entitled to further statutory tolling because he had no other "properly filed" motions before any state court during that one-year period.  Although he filed a post-conviction application on August 1, 2007, "Combined Motions to Correct Illegal and Invalid Sentences" on December 15, 2008, and a post-conviction application on September 15, 2009, all of those filings were ultimately denied by the Louisiana Supreme Court as *untimely*, as indicated by that court's citations to La.C.Cr.P. article 930.8 and State *ex rel.* Glover v. State, 660 So.2d 1189 (La. 1995).[32]  The United States Supreme Court has conclusively held that "time limits, no matter their form, are 'filing' conditions"; when the state courts have rejected a state application as untimely, it cannot be considered "properly filed" so as to entitle the petitioner to statutory tolling. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  Simply put: "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414 (internal quotation marks and brackets omitted).  Because the Louisiana Supreme Court rejected petitioner's 2007 post-conviction application, 2008 motions, and 2009 post-conviction application as untimely, he cannot receive any statutory tolling credit for those filings.

---

[31] The Court notes that during that period petitioner also filed a "Motion to Correct Illegal Sentence" on January 7, 2006.  However, because that motion was both filed and adjudicated during a period which was already tolled, it is of no moment for the purposes of this decision.

[32]  Article 930.8 sets forth the limitations period for filing applications for post-conviction relief, while the Glover decision held that an appellate court is not precluded from denying relief on basis of article 930.8 even if the lower court did not consider timeliness.

That said, the United States Supreme Court has held that the AEDPA's statute of limitations is also subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling. Instead, in his response to the state's opposition,[33] he argues only that he is actually innocent of the enhanced sentence imposed. However, that issue is not relevant when considering equitable tolling. The United States Fifth Circuit Court of Appeals has made clear that claims of actual innocence do not justify equitable tolling. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002); see also Mattox v. Cain, Civ. Action No. 08-4295, 2011 WL 291283 (E.D. La. Jan. 25, 2011).

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before July 30, 2008, in order to be timely. His federal application was not filed until December 13, 2010, and it is therefore untimely.

---

[33] Rec. Doc. 11.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Larry R. Price be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[34]

New Orleans, Louisiana, this first day of June, 2011.

                    **SALLY SHUSHAN**
                    **UNITED STATES MAGISTRATE JUDGE**

---

[34] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.