**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

LARRY R. PRICE                                         CIVIL ACTION

VERSUS                                                 NO. 11-071

N. BURL CAIN, WARDEN                                   SECTION: "B"(1)

## ORDER AND REASONS

Before the Court is Petitioner Larry R. Price's ("Price") timely filed objection (Rec. Doc. No. 13) to the June 1, 2011 Report and Recommendation of United States Magistrate Judge Sally Shushan (Rec. Doc. No. 12), which recommended that Price's writ of *habeas corpus* under 28 U.S.C. § 2254 be dismissed with prejudice as untimely. There is no need for an evidentiary hearing, based upon the undisputed state and federal court records relative to the timeliness issue. This Court adopts the Magistrate's Report and Recommendations. Accordingly,

**IT IS ORDERED**, that petitioner's *habeas corpus* petition should (Rec. Doc. No. 1), be and hereby is **DISMISSED WITH PREJUDICE** as untimely.[1]

## FACTS AND PROCEDURAL HISTORY

Price currently is a state prisoner at the Louisiana State Penitentiary, Angola, Louisiana. (Rec. Doc. No. 12). On August 31, 1998, the Orleans Parish Criminal District Court convicted Price of possession of cocaine, under Louisiana law. (Rec. Doc. No. 12). He was initially sentenced to a term of two years

---

[1] We are grateful for the work on this case by Victor M. Jones, a Loyola University New Orleans College of Law extern with our chambers.

imprisonment on November 2, 1998; however, on February 12, 1999, the court found him to be a fourth-time offender. (Rec. Doc. No. 12). Subsequently, the court resentenced Price to a term of life imprisonment without the benefit of parole, probation, or suspension of sentence. (Rec. Doc. No. 12).

On February 9, 2000, the Louisiana Fourth Circuit Court of Appeal affirmed the trial court's determination. (Rec. Doc. No. 12). However, the court remanded the matter for resentencing, due to the trial court's failure to vacate Price's original two year sentence before sentencing him as a habitual offender, as required by Louisiana law. (Rec. Doc. No. 12).

On April 23, 2001, the trial court, on remand, resentenced Price to a term of life imprisonment without the possibility of parole, probation, or suspension of sentence. (Rec. Doc. No. 12). This sentence was affirmed by the Louisiana Fourth Circuit Court of Appeal on March 6, 2002; and Price's writ application was denied by the Louisiana Supreme Court on April 4, 2003. (Rec. Doc. No. 12). The Louisiana Supreme Court also denied Price's application for reconsideration on June 20, 2003. (Rec. Doc. No. 12).

On July 19, 2002, Price filed a "Motion to Correct an Illegal Sentence" with the state district court; and when that court failed to make a ruling on the motion, he filed a "Motion to Compel Answer and/or Review" with the Louisiana Fourth Circuit

Court of Appeal. (Rec. Doc. No. 12). When the Court of Appeal did not respond within the time he desired, Price then filed with the Louisiana Supreme Court a "Petition for Writ of Mandamus", to compel the Louisiana Fourth Circuit Court of Appeal to rule on his motion. (Rec. Doc. No. 12). However, the Louisiana Supreme Court denied the writ on August 20, 2004.[2] (Rec. Doc. No. 12). The Louisiana Fourth Circuit Court of Appeal eventually denied Price's motion on August 27, 2003.[3] (Rec. Doc. No. 12).

In the interim, Price filed a motion for post-conviction relief on June 25, 2003 with the state district court; and when the district denied that motion, he appealed to the Louisiana Fourth Circuit Court of Appeal. (Rec. Doc. No. 12). The Fourth Circuit Court of Appeal dismissed the motion on June 29, 2007.[4] (Rec. Doc. No. 12). He also filed a "Motion to Correct Legal Sentence" with the state district court on January 7, 2006, which was dismissed by the Louisiana Fourth Circuit Court of Appeal on the grounds that the motion was repetitive, and that state law precluded review of sentencing errors in post-conviction proceedings.[5] (Rec. Doc. No. 12).

---

[2] State ex rel. Price v. State, 882 So. 2d (La. 2003); (No. 2003-KH-2082).

[3] State ex rel. Price v. State, No. 2003-K-1076 (La. App. 4 Cir. 8/27/03); unpublished.

[4] State v. Price, No. 2007-K-0682 (La. App. 4 Cir. 6/29/07); unpublished.

[5] State v. Price, No. 2007-K-0193 (La. App. 4 Cir. 3/12/07); unpublished.

On August 1, 2007, Price filed a second application for post-conviction relief with the state district court. (Rec. Doc. No. 12). After being rejected by that court, he then filed an "Application for Supervisory Writ of Mandamus/Writ of Execution" with the Louisiana Fourth Circuit Court of Appeal, which was denied on January 25, 2008.[6] (Rec. Doc. No. 12). Price then appealed the Court of Appeal's decision to the Louisiana Supreme Court, who November 14, 2008, ultimately denied the writ application on the grounds that the post-conviction application was untimely and otherwise improper.[7] (See La.C.C.P. art. 930.8, State ex rel. Glover v. State [8], La.C.C.P. art. 930.3, and State ex rel. Melinie v. State [9].) (Rec. Doc. No. 12).

On December 15, 2008, Price filed "Combined Motions to Correct Illegal and Invalid Sentences" with the state district court. (Rec. Doc. No. 12). After the district court denied these motions, he filed a writ application with the Louisiana Fourth Circuit Court of Appeal. (Rec. Doc. No. 12). On January 25, 2010, the Louisiana Fourth Circuit Court of Appeal granted the writ application in part, ordering the district court to delete the denial of parole eligibility, and denied the application in

---

[6] State v. Price, No. 2008-K-0031 (La. App. 4 Cir. 1/15/08); unpublished.

[7] State ex rel. v. Price, 996 So. 2d 1083 (La. 2008); No. 2008-KH-0464.

[8] 93-233 (La. 9/5/95); 660 So. 2d 1189.

[9] 93-1380 (La. 1/12/96); 665 So. 2d 1172.

4

all other respects.[10] (Rec. Doc. No. 12). Unsatisfied, Price filed a related writ application with the Louisiana Supreme Court, which was ultimately denied on February 18, 2011 on the grounds that the post-conviction motions were untimely and improper.[11] (Rec. Doc. No. 12).

In the interim, Price filed a third application for post-conviction relief on September 15, 2009. (Red. Doc. No. 12). When the district court denied that petition, Price appealed to the Louisiana Fourth Circuit Court of Appeal, who also denied the petition on November 6, 2009.[12] (Rec. Doc. No. 12). The Louisiana Supreme Court then denied Price's related writ application on November 19, 2010, on the grounds that his post-conviction application was untimely and otherwise improper.[13] (Rec. Doc. No. 12).

Price filed the instant federal application for *habeas corpus* relief on December 13, 2010. (Rec. Doc. No. 1)(Rec. Doc. No. 12).

The petitioner, Price, seeks to have this Court grant his objection to Magistrate Judge Sally Shushan's June 1, 2011 Report and Recommendation, and to have this Court conduct an evidentiary

---

[10] State v. Price, No. 2009-K-1612 (La. App. 4 Cir. 1/15/10); unpublished.

[11] State ex rel. Price v. State, 57 So. 3d 324 (La. 2011); No. 2010-KH-0402.

[12] State v. Price, No. 2009-K-1442 (La. App. 4 Cir. 11/6/09); unpublished.

[13] State ex rel. Price v. State, 49 So. 3d 403 (La. 2010); No. 2009-KH-2670.

hearing on his federal *habeas corpus* application.   In his objection, Price contends that even if his *habeas* application is untimely, this Court may review and excuse any time bars because he is actually innocent of the habitual offender offense.

The Orleans Parish District Attorney's Office did not respond to Price's timely filed objection to Magistrate Shushan's Report and Recommendations.

## LAW AND ANALYSIS

### Price's Habeas Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") went into effect on April 24, 1996, and therefore applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).

Price's petition to the federal trial court was filed on December 13, 2010. (Rec. Doc. No. 12).   As such, the AEDPA is applicable to this matter.

### AEDPA Statute of Limitations

The AEDPA requires a petitioner to bring his or her federal writ of *habeas corpus* within one year of the date his or her conviction becomes final.   28 U.S.C. § 2244 (d)(1)(A); Duncan v. Walker, 533 U.S. 167, 179-180 (2001).   A conviction is considered "final" upon expiration of time for seeking direct review. Id.

As noted, the state district court resentenced Price to life imprisonment as a habitual offender on April 23, 2001. Then, on June 20, 2003, the Louisiana Supreme Court rejected Price's application for reconsideration of that judgment on direct appeal. Therefore, under § 2244(d)(1)(A), that judgment became "final" 90 days later on September 18, 2003, when Price's period expired for seeking a writ of certiorari from the United States Supreme Court.[14]   Accordingly, Price's one-year period for seeking federal *habeas corpus* would have commenced on September 18, 2003, ending on September 17, 2004 [15] but for tolling.

**Statutory Tolling**

According to the AEPDA, "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending, shall not be counted toward any period of limitation." 28 USC § 2244 (d) (2).   Under the AEDPA, a post-conviction application is considered "properly filed" when the applicant conforms with the State's applicable filing requirements. Williams v. Cain, 217 F.3d 303, 306 (5th Cir. 2000).  Further, a

---

[14]   See Wilson v. Cane, 546 F.3d 702, 707 (5th Cir. 2009) (determining that a conviction became final 90 days after the motion for rehearing was denied); see also U.S. Sup. Ct. R. 13 (1) ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals... is timely filed when it is filed with the Clerk of this Court within 90 days after entry of the judgment.")

[15] 2004 was a leap year.

matter is considered "pending" under the AEDPA "as long as the ordinary state collateral review process is 'in continuance'.... until further appellate review [is] unavailable under the State's procedures." Carey v. Safford, 536 U.S. 214, 226 (2002); Williams, 217 F.3d at 310 (5th Cir. 2000). In calculating the tolling period, a court must note that the AEDPA establishes a tolling period which is subtracted from the one-year limitation period. Meaning, tolling only freezes the statute of limitations period, it does not start that period over. Duncan, 533 U.S. at 175-178; Flanagan, 154 F.3d at 199 n.1.

As noted, Price's criminal judgment became final on September 18, 2003, when his period expired for seeking a writ of certiorari from the United States Supreme Court. However, before his judgment became final, Price filed a "Motion to Correct an Illegal Sentence" on July 19, 2002. This judgment was pending in state court until August 20, 2004, when the Louisiana Supreme Court denied Price's challenge to that judgment. Even still, the limitations period did not being running on that date either, as Price filed a motion for post-conviction relief on June 25, 2003. This motion was denied by the Louisiana Fourth Circuit Court of Appeal on June 29, 2007. Accordingly, tolling based on that motion ended on July 30, 2007, as Price's time to appeal that decision via a supervisory writ application with the Louisiana

Supreme Court expired.[16] See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-771 (for tolling purposes, "a state application ceases to be pending when the time for appellate review expires.").

Nor can tolling be applied to Price's 2007 post-conviction application, 2008 motions, as well as his 2009 post-conviction application to extend the AEDPA limitations period, because the Louisiana Supreme Court rejected all of these petitions as untimely. As noted in Pace, "[w]hen a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244 (d) (2)." 544 U.S. at 414. Further, because the state court ultimately rejected the petitioner's petition in Pace, the United State Supreme Court concluded that "it was not 'properly filed'" and therefore, "[petitioner] was not entitled to statutory tolling under § 2244 (d) (2)." Id. Therefore, for Price, the AEDPA limitations period commenced on July 30, 2007, and expired one year later on July 30, 2008, unless equitable tolling applies.

**Equitable Tolling**

A petitioner may seek equitable tolling when his *habeas corpus* application is statutorily barred from consideration, if

---

[16] Under Louisiana law, a petitioner has 30 days to seek supervisory review in the Louisiana Supreme Court, following a judgment of the Louisiana Court of Appeal. La. S. Crt. R. X, § 5(a). However since Day 30 in this matter fell on a Sunday, the deadline was extended one additional day. See La.C.Cr.P. art. 13; La. Rev.Stat.Ann. § 1:55.

it is found that a strict application of the AEDPA would yield an unjust result. <u>Holland v. Florida</u>, 130 S.Ct. 2549, 2560 (2010). Moreover, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>Id.</u> at 2562 (citation and internal quotation marks omitted).   The petitioner bears the burden to establish that equitable tolling is applicable to his petition. <u>Alexander v. Cockrell</u>, 294 F.3d 626, 629 (5th Cir. 2002). However, it should be noted that the AEDPA's statute of limitations is equitably tolled only in "rare and exceptional circumstances." <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998).

        Price did not assert that there were extraordinary circumstances which prevented him from timely filing the *habeas* application at issue.   Instead, Price raised in his objection to Magistrate Shushan's Report and Recommendation, that he is actually innocent of the habitual offender offense. (Rec. Doc. No. 11, p. 2).   However, federal courts have held that claims of actual innocence are not grounds for equitable tolling.   <u>See</u> <u>Cousin v. Lensing</u>, 310 F.3d 843, 849 (5th Cir. 2002); <u>see also</u>, <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir. 2000); <u>see also</u> <u>Mattox v. Cain</u>, 08-4295 (E.D. La. 1/25/11), 2011 WL 291283.

        Therefore, in failing to establish that equitable tolling is

applicable, Price had until July 30, 2008 to file a federal *habeas corpus* petition.

**CONCLUSION**

For Price, statutory tolling only extended the AEDPA's statute of limitation period to July 30, 2008.  Neither further statutory tolling nor equitable tolling could extend the deadline in this instance.  Therefore, since Price did not file his federal application until December 13, 2010, it is untimely and dismissed.

New Orleans, Louisiana, this 18th day of July, 2011.

UNITED STATES DISTRICT JUDGE

11
